## ZVIEBEL v. BENOWITZ et al.

(Supreme Court, Appellate Term. November 22, 1910.)

1. TENANCY IN COMMON (§ 3*)—CREATION OF CO-TENANCY.
   Where parties holding jointly as third mortgagees take a deed of the property in fee, subject to the first and second mortgages, they become tenants in common.

   [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 8, 10; Dec. Dig. § 3.*]

2. TENANCY IN COMMON (§ 36*)—INCUMBRANCES—CONTRIBUTION—ACTION.
   Tenants in common, liable for the payment of incumbrances upon the property so held, who discharge such incumbrances by payment, may sue

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in equity for contribution against their tenant in common who has refused to pay his proportionate share.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 105; Dec. Dig. § 36.*]

3. TENANCY IN COMMON (§ 11*)—TITLE AND RIGHTS OF CO-TENANTS.

The fact that tenants in common have put their interests in the property in the names of their wives, while it might affect their interests in the property as to third persons, does not change their relations and rights between themselves.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 23; Dec. Dig. § 11.*]

4. MONEY LENT (§ 7*)—ACTION—EVIDENCE.

In an action by a tenant in common against her co-tenants to recover money alleged by her to have been loaned to them to pay off liens, evidence *held* not to support the theory that there was a loan.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. § 13; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mina Zviebel against Hayman Benowitz and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Spiro & Wasservogel (Abraham I. Spiro, of counsel), for appellants. Charles S. Rosenthal, for respondent.

PAGE, J. This action was brought to recover $400, alleged to have been loaned by the plaintiff to the defendants. The uncontroverted facts are that plaintiff's husband and the three defendants had a third mortgage on the premises, 227–229 Cherry street and 486–488 Water street, borough of Manhattan, for $8,400; each having a one-fourth interest therein. After the death of plaintiff's husband, she succeeded to his interest. The mortgagor having failed to pay the interest on the first mortgage, the interest and an installment due on the second mortgage, and the interest on the third mortgage, and also certain taxes and water rates, a foreclosure suit was commenced. The mortgagor thereupon offered to deed the property to the third mortgagees. This situation was explained to the plaintiff, and a deed was delivered, conveying the property to the plaintiff and the wives of the defendants, subject to the said incumbrances. In order to pay off the back interest on the first and second mortgage, it became necessary to pay $1,600. Each of the defendants paid $400 toward this sum, and plaintiff also paid $400; but she claims that she refused to pay said sum as a part owner of the property, but paid the same as a loan, to be repaid to her in one year's time. It is for this sum she brings this action. Thereafter it became necessary to raise $1,500 to pay the back taxes. To this sum plaintiff refused to contribute, and the three defendants advanced the money. The defendant Goldman collected the rents, and each month rendered a statement showing the rents received and payments made. The first of these shows the credit to each of the parties of $400, and its application to the payment of interest and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes.

expenses incidental to the foreclosure. The last one put in evidence showed a credit balance of $1,727.45, and a division thereof as follows: Goldman, $556.86; Mass, $556.86; Benowitz, $556.86; Mrs. Zviebel, $56.86—or a repayment to the three defendants of the $500 they had advanced to pay taxes, and an equal division of the balance among the four.

In this case the legal relations and obligations of the parties seem not to have been considered. The plaintiff and the three defendants held a mortgage jointly, the lien of which was subordinate to, and liable to be cut off by the foreclosure of, the first or second mortgage. Under these conditions they took a deed of the fee, and thereby became tenants in common of the property, subject to the incumbrances, and were liable to pay the past-due interest and installment on the prior mortgages. This was not an obligation resting on one, but on all; and, had the plaintiff refused to contribute her proportionate amount, and the other three paid, they could have brought a suit against her, in equity, for contribution. The fact that the title was taken in the name of the wives of the defendants, however it might affect their rights in the property as to third persons, does not change their relations inter sese.

The plaintiff's testimony stands uncorroborated, and is contradicted by the defendants, with whom she alleges she had the conversations, and is contrary to the legal effect of the documentary evidence. It is evident that the plaintiff has confused the conversation that she had when she was asked subsequently to contribute to the $1,500 fund to pay taxes. She says that, when asked to put in the $400, she said, "I can't put up any more money there," and again, "I can't give any more money." As all the money she ever put in was this $400, and we find that the subsequent money was paid back out of the rents, it seems clear that the conversations to which she testifies were not the ones relating to the first payment, but to the second, to which she refused to contribute.

The verdict was therefore contrary to the evidence, and the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.